**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

ENG SALES LLC, a New Jersey Company,

                Plaintiff,

       v.

MARY RUYAN, LLC d/b/a COGO INC., an Illinois
Corporation; MARY ALLISON RUYAN, an
individual; DIVA INTERNATIONAL INC., a
foreign corporation; JOHN DOES 1-10,

                Defendants.

---------------------------------------------------------------- x

Civil Action No. __19-cv-17482___

**COMPLAINT AND JURY TRIAL**
**DEMAND**

*Electronically Filed*

Plaintiff ENG Sales LLC ("Plaintiff"), by and through its counsel, for their Complaint against Mary Ruyan, LLC d/b/a Cogo Inc. ("Cogo"), Mary Allison Ruyan ("Ruyan"), Diva International Inc. ("Diva") and John Does 1-10 ("Doe Defendants") (collectively, "Defendants"), alleges as follows:

**PARTIES**

1.     Plaintiff ENG Sales LLC is a limited liability company organized and existing under the laws of the State of New Jersey.

2.     Defendant Cogo is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 1011 North Wolcott Ave. 2N, Chicago, Illinois 60622.

3.     Defendant Ruyan is an individual residing at 1011 North Wolcott Ave. 2N, Chicago, Illinois 60622.

4.     On information and belief, Defendant Ruyan is the managing member of Cogo.

5.     Defendant Diva is a corporation organized and existing under the laws of Canada, with a principal place of business at 222 McIntyre Drive, Kitchener, Ontario, Canada N2R 1E8.

6.      On information and belief, Defendants Diva and Cogo have a business relationship such that Cogo provides e-commerce consultancy services for Diva.

7.      The true names, involvement and capacities, whether individual, corporate, associated or otherwise, of the Doe Defendants are unknown to Plaintiff.  Therefore, Plaintiff sues the Doe Defendants by a fictitious name. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants sued herein is responsible in some manner for the events and occurrences referred to herein. When the true names, involvement and capacities of these parties are ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

9.      The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between: (1) citizens of different States; and (2) citizens of a State and citizens or subjects of a foreign state.

10.     Defendants Cogo, Ruyan and Diva are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

11.     On information and belief, Defendant Diva sells large quantities of various products to customers in New Jersey, engages distributors based in New Jersey, maintains an interactive website accessed by residents of New Jersey, and otherwise avails itself of the privilege of doing business in the State of New Jersey.

12.     Defendant Diva has intentionally created a business model whereby it now sells large quantities of products, including those at issue in this action, through Amazon.com ("Amazon"), thereby taking advantage of Amazon's national presence, and has sold units of that product to New Jersey residents pursuant to that arrangement. Thus, Defendant Diva has purposefully availed itself of the privilege of doing business in New Jersey.

13.     Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

14.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

15.     Venue is also proper with respect to Defendant Diva under 28 U.S.C. §1391(c).

**BACKGROUND FACTS**

16.     Defendant Diva is in the business of manufacturing and distributing certain feminine hygiene products, including products sold under the DivaCup mark ("DivaCup Products").

17.     Defendant Diva is the registrant of U.S. Trademark Serial No. 86454785 for THE DIVACUP ("the DIVACUP Registration").

18.     Plaintiff is in the business of lawfully acquiring and re-selling personal care and other household products for a profit.

19.     Plaintiff resells products through various channels, including an Amazon storefront.

20.     Over the past two years alone, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

21.     Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

22.     Upon information and belief, Amazon is the world's largest online retailer.

23.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

24.     Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

25.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

26.     Since approximately 2015, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

27.     Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

28.     A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

29.     Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

30.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

31.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

32.     Plaintiff's Amazon storefront has amassed over ten thousand reviews and a holds a near perfect customer rating.

33.     A small sample of Plaintiff's recent reviews are shown below:





34.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

**DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS**

35.     On information and belief, Defendant Diva seeks to increase its profits by controlling the distribution and pricing of its products, including the DivaCup Products, through unlawful means.

36.     As demonstrated below, Defendants have engaged in a coordinated effort to preclude third-parties from reselling genuine DivaCup Products on online marketplaces by false allegations of intellectual property infringement and defamation.

37.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Diva Products on Amazon.

38.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationships with Plaintiff.

39.     Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

40.     Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell DivaCup Products without violating the intellectual property rights or other legal rights of Diva.

41.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

42.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

43.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

44.     On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

45.     On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports that a product is "counterfeit," regardless of the truth of the report.

46.     The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

47.     Defendants filed complaints with Amazon that alleged that Plaintiff was selling "counterfeit" Diva Products.

48.     Defendants knew, or should have known, that such allegations were false.

49.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

50.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited Jul. 1, 2019).

51.     Upon information and belief, one or more complaints were submitted and signed under penalty of perjury by Defendant Ruyan.

52.     On or about October 8, 2018, Plaintiff received a notice from Amazon stating as follows:

> Hello,

> We received a report from a rights owner concerning the authenticity of the products listed at the end of this email. We removed this content, but we may let you list these product(s) again if we receive a retraction of the complaint from the rights owner:

Ali Ruyan
ali.ruyan@cogo-inc.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content is authentic, you may email notice-dispute@amazon.com with proof of authenticity. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

Learn more about this policy in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

ASIN: B000FAG6X0
Infringement type: Counterfeit
Trademark asserted:  86454785
Complaint ID: Task: 5417296411

53.     The above report relates to the DivaCup Model 1 product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

54.     The DivaCup Product identified as "counterfeit" in the above report was genuine.

55.     The DivaCup Product identified as "counterfeit" in the above report was manufactured by Defendant Diva.

56.     On information and belief, prior to filing the above report, Defendants did not perform a test purchase to determine whether the Plaintiff's goods were, in fact, counterfeit.

57.     On information and belief, Defendants' allegation that the above Diva Products were counterfeit was knowingly false and made in bad faith.

58.     On or about October 8, 2018, Plaintiff, through counsel, contacted Defendants and requested that Defendants, either, provide support for their allegation or retract the above complaint.

59.     In response, Defendants confirmed that they had no evidence that the DivaCup Products sold by Plaintiff were counterfeit.

60.     Plaintiff subsequently provided Defendants with photographs of its inventory of DivaCup Products.

61.     Defendants, after reviewing these photographs, notified Amazon that the above complaint should be retracted.

62.     On or about November 24, 2018, Plaintiff received a notice from Amazon stating as follows:

> Hello,
>
> We received a report from a rights owner that the products listed at the end of this email are inauthentic.
>
> The rights owner is asserting that the products infringe the following trademark:
> Trademark number :86454785
>
> Why did this happen?
> One or more of your listings may be infringing the intellectual property rights of others.
>
> We're here to help.
> If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).
> How do I reactivate my listing?
> Please provide one of the following to reactivate your listings:
> 1) A retraction of the report from the rights owner:
>
> --divacup@cogo-inc.com
>
> 2) An invoice or letter of authorization from the manufacturer or Rights Owner verifying the product's authenticity to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff,
>
> Have your listings been removed in error?
> If you believe there has been an error, please tell us why. Your explanation should include the following information:

-- Proof that you have never sold the reported product. We will investigate to determine if an error occurred.

OR

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain inactive.

ASIN: B000FAG6X0
Infringement type: Counterfeit
Trademark asserted:86454785
Complaint ID: 5546861631

63.     The above report relates to the same DivaCup Model 1 product that Defendants previously examined and confirmed to be genuine.

64.     Nevertheless, Defendants reported to Amazon that Plaintiff was selling "counterfeit" DivaCup Products.

65.     The DivaCup Product identified as "counterfeit" in the above report was genuine.

66.     The DivaCup Product identified as "counterfeit" in the above report was manufactured by Defendant Diva.

67.     On information and belief, prior to filing the above report, Defendants did not perform a test purchase to determine whether the Plaintiff's goods were, in fact, counterfeit.

68.     On information and belief, Defendants' allegation that the above Diva Products were counterfeit was knowingly false and made in bad faith.

69.     On or about November 26, 2018, Plaintiff, through counsel, contacted Defendants and requested that Defendants, either, provide support for their allegation or retract the above complaint.  Defendants ignored Plaintiff's request.

70.     Plaintiff subsequently provided Amazon with invoices confirming that the

complained-of DivaCup Products were genuine and Amazon reinstated Plaintiff's ability to sell

DivaCup Products.

71.     Undeterred, Defendants continued to submit additional false complaints to

Amazon.

72.     On or about January 28, 2019, Plaintiff received a notice from Amazon stating as

follows:

Hello,

We received a report from a rights owner that the products listed at the end of this email
are inauthentic.

The rights owner is asserting that the products infringe the following trademark:

Why did this happen?
One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property
rights of others, please search for "Intellectual Property Policy" in Seller Central Help
(https://sellercentral.amazon.com/gp/help/external/201361070).
How do I reactivate my listing?
Please provide one of the following to reactivate your listings:
1) A retraction of the report from the rights owner:

-- divacup@cogo-inc.com

2) An invoice or letter of authorization from the manufacturer or Rights Owner verifying
the product's authenticity to notice-dispute@amazon.com. External links are not
accepted. For security reasons, we only accept attachments in the following file formats:
.jpeg, .jpg, .pjpeg, .gif, .png, .tiff,

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should
include the following information:
-- Proof that you have never sold the reported product. We will investigate to determine if
an error occurred.

OR

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain inactive.

ASIN: 5734466341
Infringement type: Counterfeit
Trademark asserted: 86454785
Complaint ID: B000FAG6XA

73.     Here again, Defendants reported to Amazon that Plaintiff was selling

"counterfeit" DivaCup Products.

74.     On information and belief, prior to filing the above report, Defendants did not

perform a test purchase to determine whether the Plaintiff's goods were, in fact, counterfeit.

75.     The DivaCup Product identified as "counterfeit" in the above report was genuine.

76.     The DivaCup Product identified as "counterfeit" in the above report was

manufactured by Defendant Diva.

77.     On information and belief, Defendants' allegation that the above Diva Products

were counterfeit was knowingly false and made in bad faith.

78.     On or about July 31, 2019, Plaintiff received a notice from Amazon stating as

follows:

Hello,

We received a report from a rights owner that you are listing counterfeit products. Sellers on Amazon.com are not allowed to create listings or detail pages for counterfeit goods.

We removed the content listed at the end of this email. We may let you list this product again if we receive a retraction from the rights owner. Their contact information can be found below.

Ali Ryan
divacup@cogo-inc.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content is not counterfeit, you may email notice-dispute@amazon.com. with supporting information.

If the rights owner does not retract their complaint, or you do not provide supporting information, we may provide your contact information to the rights owner upon their request.

We consider allegations of counterfeit a serious matter and your account is under review. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for "Intellectual Property Violations" in Seller Central Help.

 ASIN: B07SPM3RZM
Title: Women's Mentrual Cup Model 1(Small)


Infringement type: Counterfeit
Complaint ID: 6310720141

Sincerely,

Seller Performance Team

79.     Here again, Defendants reported to Amazon that Plaintiff was selling "counterfeit" DivaCup Products.

80.     On information and belief, prior to filing the above report, Defendants did not perform a test purchase to determine whether the Plaintiff's goods were, in fact, counterfeit.

81.     The DivaCup Product identified as "counterfeit" in the above report was genuine.

82.     The DivaCup Product identified as "counterfeit" in the above report was manufactured by Defendant Diva.

83.     On information and belief, Defendants' allegation that the above Diva Products were counterfeit was knowingly false and made in bad faith.

84.     On or about July 31, 2019, Plaintiff also received a notice from Amazon stating as

follows:

Hello,

We received a report from a rights owner that you are listing counterfeit products. Sellers
on Amazon.com are not allowed to create listings or detail pages for counterfeit goods.

We removed the content listed at the end of this email. We may let you list this product
again if we receive a retraction from the rights owner. Their contact information can be
found below.

Ali Ryan
divacup@cogo-inc.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at
notice-dispute@amazon.com.

If you believe that the reported content is not counterfeit, you may email notice-
dispute@amazon.com. with supporting information.

If the rights owner does not retract their complaint, or you do not provide supporting
information, we may provide your contact information to the rights owner upon their
request.

We consider allegations of counterfeit a serious matter and your account is under review.
If we receive more complaints about your listings, we may not allow you to sell on
Amazon.com.

To learn more about this policy, search for "Intellectual Property Violations" in Seller
Central Help.

ASIN: B006SW90NC
Title: Diva Cup Model 1 Pre-Childbirth

Infringement type: Counterfeit
Complaint ID: 6310594471

Sincerely,

Seller Performance Team

85.     Here again, Defendants reported to Amazon that Plaintiff was selling

"counterfeit" DivaCup Products.

86.     On information and belief, prior to filing the above report, Defendants did not perform a test purchase to determine whether the Plaintiff's goods were, in fact, counterfeit.

87.     The DivaCup Product identified as "counterfeit" in the above report was genuine.

88.     The DivaCup Product identified as "counterfeit" in the above report was manufactured by Defendant Diva.

89.     On information and belief, Defendants' allegation that the above Diva Products were counterfeit was knowingly false and made in bad faith.

**DEFENDANTS PUBLISHED FALSE AND DEFAMATORY REVIEWS**

90.     Defendants have also attempted to manipulate Amazon's review system to cause harm to Plaintiff.

91.     In particular, Amazon allows customers to leave reviews for sellers, such as Plaintiff, after completing a purchase.

92.     These reviews are published on the Amazon platform and often used by customers in making purchasing decisions.

93.     In addition, Amazon routinely scours these reviews to evaluate a seller's performance.  For example, reviews indicating that a seller has sold counterfeit or non-genuine products can result in suspension or termination of a seller's account.

94.     On information and belief, on or about July 21, 2019, Defendant Ruyan placed an order (Order: 112-0584044-4119421) on Amazon for ASIN B07N2H9FK9 (DivaCup Model 2).

95.     On information and belief, the item was purchase under the assumed named "Mary Ryan," but shipped to Defendant Ruyan at 1011 North Wolcott Ave, Unit 2N, Chicago, Il 60622.

96.      On information and belief, on or about July 25, 2019, Defendant Ruyan left the following review on Plaintiff's Amazon storefront:

⭐☆☆☆☆ "Stam Sales' DivaCup Model 2 Menstrual Cups are counterfeit - mine arrived yesterday and is definitely fake."

By AMZShopper on July 25, 2019.

97.     The above statement is false.

98.     The DivaCup Products sold by Plaintiff were not "counterfeit" or "fake," as stated by Defendants.

99.     The DivaCup Products sold by Plaintiff were manufactured by Defendant Diva.

100.    On information and belief, on or about July 23, 2019, Defendant Ruyan placed an order (Order: 114-3794754-9185822) on Amazon for ASIN B07SPM3RZM (DivaCup Model 1).

101.    On information and belief, the item was purchase under the assumed named "Mary OBrian," but shipped to Defendant Ruyan at 1011 North Wolcott Ave, Unit #2N, Chicago, Il 60622.

102.    On information and belief, on or about July 25, 2019, Defendant Ruyan left the following review on Plaintiff's storefront:

⭐☆☆☆☆ "Stam Sales' DivaCup menstrual cup products are fake. The one they shipped me didn't have a manufacturers lot number on the bottom of the box. Only buy what's shipped and sold by Amazon!"
Read less

By Mary O. on July 25, 2019.

103.    Each of the above statements is false.

104.    The DivaCup Products sold by Plaintiff were not "fake," as falsely stated by Defendants.

105.    The DivaCup Products sold by Plaintiff were manufactured by Defendant Diva.

106.    The DivaCup Products delivered to Defendant Ruyan contained the manufacturers lot number on the product packaging.

107.    The DivaCup Products sold by Plaintiff were authentic and identical in every way to those sold directly by Amazon.

## HARM TO PLAINTIFF

108.    As a result of the above false rights complaints, Plaintiff's listings relating to DivaCup Products were suspended, resulting in an immediate loss of revenue.

109.    As a result of the above false reviews, Plaintiff has lost a substantial amount of business.

110.    It is well-known that manufacturer complaints to Amazon and negative reviews put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

111.    On information and belief, Defendants were aware that complaints to Amazon and negative reviews result in selling suspensions.

112.    On information and belief, Defendants have used these same tactics, namely filing false infringement complaints and/or submitted phony reviews, against other Amazon sellers.

113.    At no time has Plaintiff ever sold counterfeit DivaCup Products.

114.    The DivaCup Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

115.    Defendants knowingly made a false intellectual property rights complaint against Plaintiff.

116.    Defendants knowingly published false and defamatory reviews on the Amazon platform.

117.    Upon information and belief, the true purpose of these complaints and false reviews were to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

118.    As result of Defendants' false complaints and reviews, Plaintiff's performance metrics were irreparably damaged.

119.    It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

120.    Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

121.    Defendants' false complaints and reviews have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

**COUNT I - DECLARATORY JUDGMENT**
(No Trademark Infringement or Counterfeiting)

122.    Plaintiff realleges and incorporates all previous paragraphs.

123.    Defendant Diva manufactures DivaCup Products and places such products in the stream of commerce.

124.    Plaintiff stocks, displays, and resells new, genuine DivaCup Products, bearing a true mark.

125.    Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold counterfeit DivaCup Products and infringed the DIVACUP Registration.

126.    The DivaCup Products sold by Plaintiff were not counterfeit.

127.    Defendants' complaints have caused the suspension of Plaintiff's selling privileges as they relate to DivaCup Products.

128.    Defendants' repeated complaints threaten to cause the suspension of Plaintiff's selling privileges as they relate to any and all products.

129.    Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

130.    Defendants have published statements on the Amazon platform stating that Plaintiff has sold "counterfeit" and "fake" DivaCup Products.

131.    Under these facts, an actual controversy exists between Plaintiff and Defendants.

132.    Plaintiff is entitled to a declaratory judgment that it has not sold counterfeit DivaCup Products.

133.    Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

134.    Plaintiff realleges and incorporates all previous paragraphs.

135.    Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

136.    Plaintiff is also in a contractual relationship with Amazon.

137.    At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

138.    At all relevant times, Defendants were aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

139.    Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling counterfeit products.

140.     Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

141.     Defendants intended to cause Amazon to suspend Plaintiff's ability to sell DivaCup Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

142.     Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell DivaCup Products on Amazon.

143.     Defendants' accusations of counterfeiting, made directly to Amazon, were for the improper purpose of suppressing competition.

144.     Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of DivaCup Products to be suspended.

145.     The intentions of Defendant are demonstrated by the fact that Defendants were unable to provide any evidence in support of their complaint and, nevertheless, refused to withdraw their complaint.

146.     The intentions of Defendants are demonstrated by the fact that Defendants failed to perform test purchases prior to alleging that the products sold by Plaintiff were counterfeit.

147.     Defendants' accusations were false and were made maliciously and with ill will.

148.     Plaintiff has been damaged by suspension of these listings by losing revenue related to DivaCup Products.

149.     Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

150.     Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT III – DEFAMATION

151.     Plaintiff realleges and incorporates all previous paragraphs.

152.     Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff sold "counterfeit" DivaCup Products.

153.     Defendants published false statements to Amazon, Amazon's customers, and Plaintiff's customers regarding Plaintiff as described in this Complaint, including publishing reviews stating that Plaintiff sold "counterfeit" and "fake" DivaCup Products.

154.     Plaintiff did not sell counterfeit DivaCup Products.

155.     Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to DivaCup Products.

156.     Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

157.     Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

158.     Defendants' false statements are not protected by any privilege.

159.     Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

160.     False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

161.     Here, Defendants published statements that Plaintiff was engaged in trademark counterfeiting, which is a criminal offense.

162.     Defendants' false statements constitute defamation per se.

163.    Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling DivaCup Products and damage to its relationship with Amazon and its customers.

164.    Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to DivaCup Products have been suspended and Plaintiff has lost sales of DivaCup Products and other products.

165.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

166.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT IV – TRADE LIBEL

167.    Plaintiff realleges and incorporates all previous paragraphs.

168.    Defendants knowingly published false and derogatory statements regarding Plaintiff's business.

169.    Specifically, Defendants published false and materially derogatory statements that Plaintiff was selling counterfeit DivaCup Products.

170.    Defendants' statements that Plaintiff was selling counterfeit DivaCup Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

171.    As discussed above, on information and belief, Defendants knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

172.    As discussed above, on information and belief, Defendants knew that submitting false reviews to Amazon could cause Amazon to suspend Plaintiff's product listings, selling privileges and Plaintiff's goodwill.

173.    Defendants' false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Plaintiff.

174.    Plaintiff suffered special damages as a result of Defendants' statements in the form of lost dealings.

175.    As a result of Defendants' false rights owner complaint, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

176.    As a result of Defendants' false reviews, Plaintiff has had experienced a direct and immediate loss in revenue.

177.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

178.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.    An order declaring that Plaintiff has not infringed any valid and enforceable trademark right owned by Defendants;

B.    Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing false complaints and reviews with Amazon and any other e-commerce platform.

C.    Injunctive relief requiring Defendants to rescind all complaints and reviews that they have filed against Plaintiff;

D.    An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

E.      An award of all damages that Plaintiff has suffered as a result of Defendants'

defamation;

F.      An award of all damages that Plaintiff has suffered as a result of Defendants'

trade libel;

G.      An award of all costs and fees incurred in this Action; and

H.      Such other and further relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited

to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  August 30, 2019                         Respectfully submitted,

                                                AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                        By:   s/ Mark Berkowitz
                                                Mark Berkowitz
                                                90 Park Avenue
                                                New York, NY  10016
                                                Tel.:     (212) 336-8000
                                                Fax:      (212) 336-8001
                                                E-mail:  mberkowitz@arelaw.com

                                                *Attorneys for Plaintiff*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  August 30, 2019                    Respectfully submitted,

                                           AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                           By:   s/ Mark Berkowitz
                                                 Mark Berkowitz
                                                 90 Park Avenue
                                                 New York, NY  10016
                                                 Tel.:    (212) 336-8000
                                                 Fax:     (212) 336-8001
                                                 E-mail:  mberkowitz@arelaw.com

                                                 *Attorneys for Plaintiff*

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated:  August 30, 2019                     Respectfully submitted,

                                            AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                      By:   s/ Mark Berkowitz
                                            Mark Berkowitz
                                            90 Park Avenue
                                            New York, NY  10016
                                            Tel.:    (212) 336-8000
                                            Fax:     (212) 336-8001
                                            E-mail: mberkowitz@arelaw.com

                                            *Attorneys for Plaintiff*